IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL WILSON TESTERMAN,**

    **Petitioner,**

**v.**                           //      **CIVIL ACTION NO. 1:09cv74**
                                         **CRIM. ACTION NO. 1:05cr4-1**
                                                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

               **ORDER ADOPTING REPORT AND RECOMMENDATION**
               **AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to 28 U.S.C. § 2255, on June, 2009, pro se petitioner Daniel Wilson Testerman ("Testerman") filed a motion to vacate, set aside or correct his sentence. The Court then referred the motion to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09. The magistrate judge determined that summary dismissal was not warranted and ordered the respondent, the United States of America ("USA"), to show cause why the writ should not be granted. The USA filed its opposition to the motion to vacate on August 25, 2009. Testerman filed his reply on December 1, 2009.

On February 8, 2010, the magistrate judge issued an R&R (dkt. 12) that recommended denying the petition in its entirety. The R&R also specifically warned Testerman that his failure to object to the recommendation within fourteen days of receiving service would result in the waiver of his appellate rights on this issue.

**TESTERMAN V. USA**  1:09CV74, 1:05CR4-1

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Testerman received service of the R&R on February 11, 2010, and, on February 25, 2010, filed a letter, which the magistrate judge construed as a motion to reconsider the R&R. The magistrate judge denied the motion to reconsider on March 5, 2010, and Testerman received service of that order on March 8, 2010. The order denying the motion to reconsider again warned Testerman that his failure to object within fourteen days of service would constitute a waiver of his appellate rights.

Testerman, however, has not filed any objections either to the R&R or to the magistrate judge's order denying the motion to reconsider, and the time to do so has expired. Testerman's failure to object thus relieves the Court of any duty to conduct a de novo review of the R&R. Accordingly, the Court **ADOPTS** the R&R in its entirety, **DENIES** the petition and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

**FURTHER**, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability as Testerman has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this order to counsel of record, all appropriate agencies, and the pro se petitioner via certified mail, return receipt requested.

Dated: April 13, 2010

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE